UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
BARRY CAMPBELL, :
:
Plaintiff, : 19-CV-5431 (JMF)
:
-v- : ORDER OF DISMISSAL
:
STATE OF NEW YORK CITY, et al., :
:
Defendants. :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On December 5, 2019, the Court directed Plaintiff to update his address of record within 30 days or the Court would dismiss Plaintiff's case for failure to prosecute. ECF No. 17. As of today, Plaintiff has not complied with the Court's Order.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has

adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

On July 11, 2014, Plaintiff was expressly advised that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." *See* ECF No. 4. On December 5, 2019, after repeated attempts to mail case-related materials to Plaintiff were returned as undeliverable, the Court again advised Plaintiff to update his address, or else face sanctions. *See* ECF No. 17. District courts in this Circuit have recognized that "the failure to maintain [a current address] with the Court is a ground for failure to prosecute" because "[t]he case cannot proceed" without such information. *Pratt v. Behari*, No. 11-CV-6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (internal quotation marks omitted); *see also Ealy v. Superintendent of Groveland Corr. Facility*, 680 F. Supp. 2d 445, 448 (W.D.N.Y. 2010) (a plaintiff's failure to update his address "is no small matter." (internal quotation marks omitted)).

In light of the Court's inability to proceed without updated contact information for Plaintiff, dismissal of the case is warranted. However, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close the case. Additionally, the Clerk of

Court is directed to mail a copy of this Order to Plaintiff (notwithstanding the fact that it will presumably be returned as undeliverable).

SO ORDERED.

Dated: January 29, 2020
      New York, New York

                                              JESSE M. FURMAN
                                        United States District Judge